IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 3:08-00032

MARCUS DIXON

**MEMORANDUM OPINION AND ORDER**

Pending is Marcus Dixon's Motion for Reduction of Sentence Pursuant to HR - 3245 (Doc. 70). Mr. Dixon moves to reduce his sentence, citing HR -3245, "The Fairness in Cocaine Sentencing Act of 2009," *Kimbrough v. United States,* 552 U.S. 85 (2007), and a series of other federal cases which reflect this Court's discretion to impose a 1:1 ratio for crack and powder cocaine. Mr. Dixon argues that this Court should consider the 1:1 ratio and, applying the factors set forth in 18 U.S.C. § 3553(a), recalculate the defendant's guideline range and impose a new sentence. For the reasons explained below, the Court declines the request and **DENIES** the motion.

**Discussion**

Marcus Dixon was indicted, on February 6, 2008, for knowingly and intentionally distributing cocaine base and knowingly and intentionally possessing with the intent to distribute cocaine base. On May 12, 2008, he pled guilty to Count Three of that indictment, charging him with possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Mr. Dixon on September 2, 2008, to a term of imprisonment of

140 months, a sentence below the then applicable guideline range.[1]

Because Mr. Dixon was sentenced after November 1, 2007, he received the benefit of the two-level reduction in base offense levels for offenses involving cocaine base, as provided by Amendment 706 to the US Sentencing Guidelines. Additionally, pursuant to the sentencing memorandum filed by counsel on August 28, 2008 (Doc. 46), Mr. Dixon received the benefit of this Court's consideration of *Kimbrough v. United States*, *Gall v. United States*, 552 U.S. 38 (2007), and additional cases, which outlined the Court's authority to depart from the Sentencing Guidelines and fashion a sentence on a case-by-case basis, giving equal weight to *all* the factors articulated in 18 U.S.C. § 3553(a) and imposing a sentence sufficient, but not greater than necessary, to accomplish the purposes of the statute. *See* Doc. 46.

In the 2008 memorandum, counsel focused upon the nature and circumstances of Mr. Dixon's offense, as well as upon Mr. Dixon's individual characteristics. *See id.*; 18 U.S.C. § 3553(a). The memorandum noted Mr. Dixon's offense was "non-violent"; that "he did not possess a firearm nor involve any other weapons in any part of his offense or relevant conduct"; that "there is no pattern of prior violent conduct"; that "Mr. Dixon's activities in no way rose to the level of 'major' or 'serious' drug trafficker as contemplated by the Anti Drug Abuse Act of 1986"; and that "Mr. Dixon [] maintain[s] a positive relationship with his mother, his wife, and his children." Doc. 46, 3-4. As a result, the memorandum argued that Mr. Dixon was not the intended target of the 100:1 ratio, which gave rise to his then applicable guideline range, or of the mandatory minimum

---

[1]Based on his criminal history, the guideline range applicable to Mr. Dixon's offense was 151 to 188 months. Additionally, because he possessed 50 grams or more of cocaine base, Mr. Dixon was subject to a mandatory minimum sentence of 10 years. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

sentence imposed by 21 U.S.C. 841. *Id.* at 5-8. The memorandum even mounted a constitutional challenge to the 100:1 drug quantity ratio, contending that this ratio violated the defendant's substantive due process rights and that Mr. Dixon should instead be subject to a statutory sentencing range of 0 to 20 months. *Id.* at 8-10.

At sentencing, the Court considered these arguments and disagreed, imposing a sentence of 140 months, below the then applicable guideline range, but above the mandatory minimum for the quantity of cocaine base possessed by Mr. Dixon. In his current motion, Mr. Dixon cites recent cases, such as *United States v. Gully*, 619 F.Supp.2d 633 (N.D. Iowa 2009), which apply a 1:1 ratio for crack and powder cocaine, and 18 U.S.C. § 3553(a). He requests the Court "make a second determination of any sentence it would have imposed in the first instance" and fashion a new, reduced sentence. *See* Doc. 70. The Court, however, finds that both the crack/cocaine powder disparity and 18 U.S.C. § 3553 were fully considered at Mr. Dixon's sentencing. Thus, it declines to reconsider these factors and **DENIES** Mr. Dixon's motion.

In conclusion, Mr. Dixon presents no new evidence to support a reduced sentence. *See* 18 U.S.C. § 3582(c). The legal arguments presented in Mr. Dixon's motion were aptly argued in his sentencing memorandum and fully considered by this Court prior to his sentencing on September 2, 2008. Further, although adopted by some federal courts and proposed in HR - 3245[2], there has been no change by the Sentencing Commission, or the courts, which requires a retroactive application of a 1:1 ratio for crack and powder cocaine. *See, e.g., United States v. Credle*, 2010 WL

---

[2]HR - 3245, "The Fairness in Cocaine Sentencing Act of 2009," if enacted, will remove reference to "cocaine base" from the United States Code and, thus, result in a 1:1 ratio between crack and powder cocaine. *Credle*, 2010 WL 148429, *1. However, the bill has not passed the full House or the Senate and is therefore not enacted. Accordingly, Mr. Dixon is not entitled to relief based on this pending legislation. *See id.*

148429 (W.D. N.C. 2010); *United States v. Brooks,* 2009 WL 4927883 (W.D. Pa. 2009); *United States v. Scates*, 2009 WL 4110383 (W.D. Wis. 2009). "Thus, this Court has no authority to modify the Defendant's sentence pursuant to § 3582(c)(2)," i*d.* at *1, and **DENIES** the pending motion.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: January 28, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE