IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:08-0032 |
| | ) | |
| MARCUS DIXON | ) | |

**ORDER**

Pending is Defendant's "Motion to Dismiss Charges and Judgment" (Document No. 71.), filed on December 1, 2009.[1] Defendant appears to allege that his conviction should be dismissed based on the following: (1) "Affiant asserts that the subsequent charges shall be dismissed as the Attorney General's Office of the United States did not issue an authorization letter to the local United States Attorney's Office of Huntington, W.V., for the Southern District, to submit any evidence to a Federal Grand Jury;" (2) "Affiant also states that such letter attached also says that no record exists that the President of the United States, George Bush, did not issue an Executive Order for the Inferior District of Huntington, W.V., for the Southern District of West Virginia, to adjudicate any process against him;" (3) "Affiant asserts that a Grand Jury did not convene considering the letter showing non-existence of any records providing dates, information, transcripts or the names of such ever being in attendance for the execution of indictments or the co-mingling of such claims or evidence;" (4) "Affiant asserts that the charges must be dismissed as the property where the alleged crime was committed was not coded to the United States Government by virtue of Article I Section 8, Clause 17 of the United States Constitution;" (5) "Affiant asserts that Article V of the Constitution states that 'No person shall be deprived of life, liberty or property, without due

---

[1] Because Defendant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

process of law . . .' and Article XIV states " . . . nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (Id., pp. 1 - 2.) Defendant therefore requests that the Court dismiss the charges and judgment in the above case. (Id., p. 3.)

On May 12, 2008, Defendant pled guilty to Count Three of the Indictment charging him with possession with intent to distribute 50 grams or more of cocaine base, also know as "crack," in violation of 21 U.S.C. § 841(a)(1). (Document Nos. 33 - 34.) On September 2, 2008, the District Court sentenced Defendant to a 140-month term of imprisonment to be followed by a five-year term of supervised release. (Document Nos. 49 and 51.) Defendant, by counsel, filed a Notice of Appeal on September 11, 2008. (Document No. 53.) The Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence on April 17, 2009. United States v. Dixon, 322 Fed.Appx. 348 (4th Cir. 2009). Defendant filed a petition for certiorari in the United States Supreme Court, which was denied on October 5, 2009. Dixon v. United States, ___ U.S. ___, 130 S.Ct. 267, 175 L.Ed.2d 180 (2009). On September 20, 2009, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Document No. 70.) On December 1, 2009, Defendant filed his instant "Motion to Dismiss Charges and Judgment." (Document No. 71.) By Memorandum Opinion and Judgment Order entered on January 28, 2010, the District Court denied Defendant's request for a sentence reduction. (Document No. 76.)

Based on the foregoing, the Court finds that Defendant's "Motion to Dismiss Charges and

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Judgment" is not properly before the Court. In his instant Motion, Defendant is clearly attempting to challenge the validity of his conviction and sentence. The Fourth Circuit, however, has affirmed Defendant's conviction and sentence and the United States Supreme Court has denied his petition for certiorari. Thus, a collateral attack on Defendant's conviction and sentence must be brought under 28 U.S.C. § 2255.[3] The undersigned therefore finds that Defendant's "Motion to Dismiss Charges and Judgment" should be construed as a Section 2255 Motion. Accordingly, it is hereby **ORDERED** that the Clerk open a new file indicating Mr. Dixon as the Movant and the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case and include a copy of Document No. 71.

The Clerk is directed to send a copy of this Order to Defendant, who is acting *pro se*.

ENTER: September 27, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[3] Defendant indicates that he does not wish for his "Motion to Dismiss Charges and Judgment" to be construed as a Section 2255 Motion. (Document No. 71, p. 1.)