### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | |
|---|---|
| **MARCUS DIXON,** ) | |
| ) | |
| **Movant,** ) | |
| v. ) | **CIVIL ACTION NO. 3:10-** 1143 |
| ) | **(Criminal No. 3:08-0032)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### ORDER AND NOTICE

By separate Order entered this day, the undersigned directed the Clerk to open a new civil action and place in the file Movant's "Motion to Dismiss Charges and Judgment" (Criminal Action 3:08-0032, Document No. 71.), finding that the Motion is properly considered under 28 U.S.C. § 2255. The Fourth Circuit Court of Appeal's decision in United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), holds "that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so re-characterize the motion." In its notice, the Court is required to advise the movant of the restrictions and limitations under 28 U.S.C. § 2255. Id., at 649.

Movant is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Movant is further hereby **NOTIFIED** that Section 2255 also limits a movant's ability to file a second or successive Section 2255 motion. Movant is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[1] See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[2] To obtain certification

---

[1] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] Title 28, Section 2244(b)(3) provides as follows:

    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject

from the Court of Appeals, Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Accordingly, it is hereby **ORDERED** that Movant should inform the Court in writing by **Friday, October 22, 2010**, if he does not wish to have his "Motion to Dismiss Charges and Judgment" re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the "Motion to Dismiss Charges and Judgment" as a motion filed under Section 2255.

If Movant agrees that his "Motion to Dismiss Charges and Judgment" shall be considered under Section 2255, Movant may further amend the Motion to the extent permitted by law. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). Should Movant not agree with the Court that his "Motion to Dismiss Charges and Judgment" should be re-characterized as a Section 2255 Motion, the undersigned will recommend that the District Court dismiss his Motion.

The Clerk is directed to send a copy of this Order to Movant, who is acting *pro se*.

ENTER: September 27, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

of a petition for rehearing or for a writ of certiorari.